IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES C. COOGAN,

                                                                                       OPINION AND ORDER

                       Plaintiff,

                                                                                          18-cv-758-bbc

        v.

CATHY JESS,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 15, 2019, I granted pro se plaintiff Charles C. Coogan leave to proceed on claims that his requests to work outside of the Oakhill Correctional Institution have been denied because of his disability, in violation the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. §§ 12111–213. Dkt. #8. However, I concluded that plaintiff's allegations were not sufficient to state a claim under either the Eighth or Fourteenth Amendment. I also dismissed Warden Cheryl Eppelet as a defendant because the only appropriate defendant for a claim under the ADA and Rehabilitation Act is the Wisconsin Department of Corrections or the Secretary of the Department of Corrections, in her official capacity.

Now before the court is plaintiff's motion for reconsideration of the dismissal of his Eighth and Fourteenth Amendment claims against Warden Eppelet. Dkt. #9. I am denying the motion. As I explained previously, plaintiff's allegations do not implicate his rights under the Eighth Amendment, and Wisconsin's discretionary parole scheme does not create a liberty interest in parole protected by the due process clause of the Fourteenth

1

Amendment. State ex rel. Gendrich v. Litscher, 2001 WI App 163, ¶ 8, 246 Wis. 2d 814, Wis.2d 822, 632 N.W.2d 878, 882. Plaintiff's motion for reconsideration does not include any additional allegations or cite any legal authority that undermines my previous conclusions.

Also before the court is plaintiff's motion for court assistance in recruiting counsel. Dkt. #10. Plaintiff says he is unable to afford counsel, imprisonment will limit his ability to litigate, he has limited legal knowledge and limited access to a law library and this case is complex and will require extensive investigation. Plaintiff says that he made reasonable efforts to obtain counsel on his own by contacting several lawyers about his case. Dkt. #10-1.

In determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this instance, I have no reason to believe plaintiff will be unable to litigate this case on his own, at least at these early stages. Plaintiff's complaint was clear, thorough and identified relevant facts and legal standards. Additionally, his single claim challenging the denial of his request to work outside the prison does not appear to be complex, at least in comparison to many other claims brought by pro se litigants in this court. To assist plaintiff, the court will provide him a substantial amount of information about how to proceed with his case at a preliminary pretrial conference that will be scheduled after defendant files an answer to plaintiff's complaint.

Finally, plaintiff should know that the court would recruit counsel for every pro se

plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year more than 300 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Only about 30 lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2016 and 2017, for example, the court was able to find approximately 17 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Even for a simple case, it often takes months for the court to locate counsel willing to accept the case. Although the court is continually trying new approaches to recruiting counsel, there continue be many more litigants who want the help of counsel than there are counsel who can fill that need. For this reason, the court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

In this instance, I conclude that plaintiff can continue to litigate this case on his own. Accordingly, I will deny plaintiff's request for counsel without prejudice.

ORDER

IT IS ORDERED that plaintiff Charles C. Coogan's motion for reconsideration, dkt.

#9, and motion for court assistance in recruiting counsel, dkt. #10, are DENIED.

Entered this 2d day of January, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge