IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES C. COOGAN,

                                                                        ORDER

                    Plaintiff,

                                                                      18-cv-758-bbc

     v.

KEVIN CARR,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Charles C. Coogan is proceeding on claims that his requests to work outside of the Oakhill Correctional Institution have been denied because of his disability, in violation the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. §§ 12111–213. Now before the court are several motions filed by plaintiff.

First, plaintiff filed two motions to amend his complaint to add (1) a document from the Veteran's Administration and (2) documents regarding open records requests he filed with the warden of Oakhill Correctional Institution. Dkt. ##18, 27. I will deny these motions. If plaintiff thinks these exhibits are relevant to proving his ADA and Rehabilitation Act claims, he can submit them either at the summary judgment or as an exhibit at trial. But plaintiff does not need to add exhibits or other evidence to his complaint. To the extent that plaintiff is attempting to add a claim under Wisconsin's Open Records Law, that request is also denied. Plaintiff does not explain how his open records claim is related to his disability discrimination claims.

Second, plaintiff filed a motion to amend his complaint to specify the amount of

1

damages he is requesting for various specific injuries. Dkt. #22. I will also deny this motion as unnecessary. If plaintiff succeeds on his claim, he will be entitled to whatever relief is appropriate under the law. He does not need to specify a particular dollar amount for each injury he has suffered.

Third, plaintiff has filed a motion for a court trial. Dkt. #23. This case was scheduled originally as a jury trial at plaintiff's request and it does not appear that defendant has requested a jury trial. Therefore, if defendant agrees to a court trial, I will grant plaintiff's motion. I will give defendant an opportunity to respond before deciding this motion.

Fourth, plaintiff filed a motion for reconsideration of Magistrate Judge Peter Oppeneer's decision denying his request for an order directing prison officials to transfer $400 from his release account to his regular account to make up for the filing fee that was taken from his regular account. Dkt. #26. I will deny this motion. With the exception of the initial partial payment of a filing fee, this court does not have authority to tell state officials to transfer money from plaintiff's release account. Because plaintiff has paid the filing fee for this action already, I do not have authority to order the Department of Corrections to transfer money from plaintiff's release account. Artis v. Meisner, No. 12-cv-589, 2015 WL 5749785, at *5–6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority requiring the prison to disburse [petitioner's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ." (emphasis in original)).

ORDER

IT IS ORDERED that

1. Plaintiff Charles C. Coogan's motions to amend his complaint, dkt. ##18, 22, 27, and for reconsideration, dkt. #26, are DENIED.

2. Defendant Kevin Carr has until April 9, 2019, to notify the court whether he agrees to plaintiff's request that this case be tried to the court, rather than a jury.

Entered this 2d day of April, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge