IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES C. COOGAN,

                             ORDER

                Plaintiff,

                         18-cv-758-bbc

       v.

KEVIN CARR,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Charles C. Coogan is proceeding on claims that his requests to work outside the Oakhill Correctional Institution have been denied because of his disability, in violation the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. §§ 12111–213. Now before the court is plaintiff's renewed motion for court assistance in recruiting counsel. Dkt. #31.

As I explained to previously, the relevant question in determining whether to recruit counsel for a pro se litigant is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff's single claim is not complex, at least compared to many claims brought by pro se litigants in this court. Additionally, plaintiff's pleadings and motions have been clear, thorough and have identified relevant facts and legal standards. However, plaintiff says that he needs counsel to assist him because (1) on April 2, 2019, he had major cardiac surgery at UW Health Center and will have ongoing follow-up appointments at the medical center that will leave little time for litigating this case; (2) the paralegal that had been assisting him is no longer

1

available; and (3) he will not be able to represent himself at a jury trial on his own.

Although I am sympathetic to plaintiff's health condition, I am not persuaded that his ongoing medical needs justify recruitment of counsel at this time. On April 18, plaintiff stated in his motion for court assistance in recruiting counsel that he would not be able to litigate this case on his own. But on April 30, he filed a copy of interrogatory requests he drafted and submitted to defendant. Dkt. #32. Thus, it appears plaintiff is managing to collect discovery despite his health condition and lack of assistance from a paralegal.

Additionally, plaintiff should not be concerned about a possible jury trial at this stage. Trial is not scheduled until April 27, 2020, and it is possible that this case will be resolved before that time based on the parties' submissions at summary judgment. At this point, plaintiff should focus on gathering the evidence he needs to prove his claim using the discovery methods outlined in the Preliminary Pretrial Conference Order. Dkt. #19. If he has questions about how to obtain documents he needs, or if he needs additional time to conduct discovery or respond to any motions filed by defendants because of his health, he should contact defense counsel. If he still has questions after contacting defense counsel, he should write to the court for assistance, identifying the specific discovery he needs and the efforts he has made to obtain it.

Finally, if plaintiff's health deteriorates, he may renew his motion for court assistance in recruiting counsel. If he does so, he should include a sworn declaration describing his medical condition and how his condition limits his ability to litigate this case.

ORDER

IT IS ORDERED that plaintiff Charles C. Coogan's renewed motion for court assistance in recruiting counsel, dkt. #31, is DENIED.

Entered this 28th day of May, 2019.


BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge